IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martial Ledvina,<br><br>    Plaintiff,<br><br>v.<br><br>Town of Marana, et al.,<br><br>    Defendants. | No. CV-14-01989-TUC-CKJ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

On June 9, 2014, Defendant Sheriff Clarence Dupnik filed a Motion to Dismiss all of Plaintiff Martial Ledvina's claims against him based on failure to state a claim and statute of limitations. (Doc. 10.) Subsequently, Defendants Town of Marana, Terry and Jane Doe Rozema, and William and Jane Doe Dittiger (Marana Defendants) filed a Motion to Dismiss State Law Claims based on the statute of limitations. (Doc. 15.) Both of the motions are fully briefed. (Docs. 12, 13, 16, 17.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss Count 1 against Defendant Dupnik, with leave to amend, on the ground that it fails to satisfy Rule 8(a) of the Federal Rules of Civil Procedure, and Counts 2-6 against all Defendants on the ground that they are time-barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 27, 2014, Plaintiff filed a Complaint against the Town of Marana, Marana police officers Terry Rozema (and Jane Doe Rozema) and William Dittiger (and Jane Doe Dittiger), and Pima County Sheriff Clarence Dupnik. (Doc. 1.) The Complaint alleges various civil rights violations under 42 U.S.C § 1983 (Count 1), battery (Count 2), false imprisonment (Count 3), intentional infliction of emotional distress (Count 4), negligence (Count 5), and gross negligence (Count 6) against the various defendants stemming from Plaintiff's interactions with law enforcement on January 14, 2013.[1] (*Id.*)

The following facts are taken from the Complaint. On January 14, 2013, Plaintiff was an 83-year-old, 140-pound man with a heart condition. (*Id.* at 2.) Defendant Dittiger, a Marana Police Officer, responded to a 911 call alleging domestic violence at Plaintiff's residence. (*Id.*) Without establishing probable cause, Dittiger forcibly detained Plaintiff, making him lie face down on the ground and threatening bodily harm. (*Id.* at 3.) Dittiger "dragged" Plaintiff to the squad car and made him bend over the back of the car for an excessive period. (*Id.*) Plaintiff's wrists were red for days due to the tightness of the handcuffs. (*Id.*) Dittiger arrested Plaintiff and transported him to the Pima County Adult Detention Complex (P.C.A.D.C.). (*Id.*)

Plaintiff, 15 months removed from open heart surgery, immediately advised correctional officers at the facility of his heart condition and his need to "see the nurse."

---

[1] Plaintiff's Complaint does little in the way of illuminating which claims are alleged against which defendant. From the parties' briefing it can be surmised that the claims specific to Sheriff Dupnik are an Eighth Amendment Civil Rights violation under Count 1 and Counts 3-6. It appears, Marana Defendants are named in Count 1, which is not challenged in the pending motion, and Counts 2-6.

(*Id.*) Unheeded, Plaintiff called out to the nurse directly, but she too rebuffed his pleadings and he was subsequently removed to a cell. (*Id.*) On multiple occasions during the intervening hours of his detention, he reminded officers he needed to see the nurse and take his medication to no avail. (*Id.* at 4.) Plaintiff alleges that the failure of officers to provide his morning medication when requested "caused him much anxiety." (*Id.*) Plaintiff was released at noon, at which time his medication was returned. (*Id.*)

The criminal charge of domestic abuse, which served as the catalyst for Plaintiff's arrest, was dismissed on April 3, 2013. (*Id.*)

On June 9, 2014, Sheriff Dupnik filed a Motion to Dismiss all claims against him, arguing that Count 1 fails to state a claim and Counts 3-6 violate the statute of limitations. (Doc. 10.) Subsequently, Marana Defendants filed to amend their answer to include a statute of limitations defense. (Doc. 14.) The Court granted that motion. (Doc. 18.) Contemporaneous with their motion to amend, Marana Defendants filed a motion to dismiss Counts 2-6 against them based on the statute of limitations. A motion to dismiss under Rule 12(b)(6) must be filed prior to a defendant submitting a responsive pleading. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004). Here, Marana Defendants filed an answer prior to seeking dismissal. Therefore, the motion to dismiss will be treated as a motion for judgment on the pleadings, pursuant to Rule 12(c). *See id.*

## **STANDARD OF REVIEW**

The standard governing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), is also used

- 3 -

for a Rule 12(c) motion for judgment on the pleadings. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (noting that motions to dismiss and motions for judgment on the pleadings are functionally identical, delineated only by the time of filing). Thus, the Court considers Defendant Dupnik and Marana Defendants' motions under the same standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted). Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim for relief. *Id*. at 678; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations in the complaint must be construed in the light most favorable to the plaintiff). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A mere formulaic recitation of the elements of a cause of action is not sufficient to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Id*. at 679. Further, specifically pertaining to § 1983 claims, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

## **DISCUSSION**

Defendant Dupnik contends that Plaintiff's § 1983 Eighth Amendment claim (Count 1, in part) should be dismissed for two reasons: (1) Plaintiff did not sufficiently allege that anyone at the P.C.A.D.C. violated the Constitution by acting deliberately indifferent to his serious medical needs; and (2) Plaintiff did not adequately allege that Sheriff Dupnik was personally involved in or sufficiently causally connected to the constitutional violation. All Defendants argues that Plaintiff's state-law claims (Counts 2-6) are time-barred by Arizona's statute of limitations.[2]

**Section 1983 Claim Against Sheriff Dupnik (Claim 1, in part)**

Plaintiff alleges that Sheriff Dupnik is liable for the deprivation of his right to be provided with medical care while incarcerated. (Doc. 1 at 5.) Because Plaintiff only had been arrested, and not convicted of a crime, "his rights derive from the due process clause rather than the Eighth Amendment." *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002). However, as the Ninth Circuit notes, these due process rights, with regards to medical needs while in custody, impose the same duty the Eighth Amendment's protection against cruel and unusual punishment necessitates. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)). Under this standard, a violation occurs when there is (1) a deliberate indifference to the serious medical needs of

---

[2] Marana Defendants also argue the state law claims are barred because Plaintiff failed to serve a timely notice of claim as required by A.R.S. § 12-821.01. (Doc. 15 at 2-5.) The Court does not reach this argument because it finds the claims are barred by the statute of limitations.

a prisoner that (2) results in "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Defendant Dupnik argues that Plaintiff has not adequately alleged the existence of a serious medical need. A serious medical need exists when failure to treat a medical condition "could result in further significant injury or 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Taking the Complaint's allegations as fact for the purpose of evaluating the pending motion, Plaintiff informed multiple personnel at P.C.A.D.C. of his heart condition and his need to take his medication. Therefore, drawing reasonable inferences in Plaintiff's favor, it is certainly plausible to believe that an 83-year-old man deprived of his heart medication 15 months after open heart surgery presents a manifest case of serious medical need. *Cf. Lolli v. Cnty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (leaving a diabetic without proper food or insulin creates an "objectively, sufficiently serious" risk of harm). Accordingly, the first part of the *Estelle* test has been met.

Defendant Dupnik also argues that Plaintiff has not adequately alleged a harm that satisfies the second part of the *Estelle* test. Here, the Court agrees. While Plaintiff does not have to prove substantial harm, the alleged indifference to the serious medical need must have resulted in a more than *de minimis* Eighth Amendment harm. *Hudson v. McMillian*, 503 U.S. 1, 10 (1992); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (mere delay of surgery is insufficient to state a claim unless that delay was harmful); *see also Jett*, 439 F.3d at 1096. Here, the only harm alleged in the Complaint is temporary "anxiety" precipitated by P.C.A.D.C. staff's refusal to

provide his heart medication in a timely fashion. Psychological pain can be more than *de minimis*, but "nonmeasurable pain is not actionable under the Eighth Amendment." *McMillian*, 503 U.S. at 17 (Blackmun, J. concurring). Plaintiff has failed to allege any facts upon which a reasonable inference could be drawn that he did suffer non-*de minimis* harm. He did not allege that he experienced any pain, or that he suffered further medical complications due to this anxiety. Consequently, Plaintiff has failed to plausibly allege that anyone at P.C.A.D.C. violated the Constitution and that he is entitled to relief pursuant to § 1983.

Defendant Dupnik's second theory as to why Plaintiff's § 1983 claim against him should be dismissed is that Plaintiff failed to allege that Sheriff Dupnik was personally involved or causally connected to a constitutional violation. Plaintiff is suing Sheriff Dupnik in both his individual and official capacity for his supervisory role at P.C.A.D.C.

The Court looks first at Plaintiff's claim against Sheriff Dupnik as an individual under the theory of supervisory-liability. Vicarious liability is inapplicable to § 1983 suits, but a "plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Iqbal*, 556 U.S. at 677. A defendant may be liable if: (1) he is personally involved in the constitutional violation; or (2) there is a sufficient causal connection between his conduct and the violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Here, Plaintiff's Complaint does not allege Sheriff Dupnik's personal involvement with his alleged Due Process violation on January 14, 2013. Accordingly, Plaintiff's Complaint must

adequately allege a sufficient causal connection between Sheriff Dupnik's acts and the constitutional violation in order to survive dismissal pursuant to Rule 12(b)(6). Yet Plaintiff's Complaint does no more than state conclusory allegations not entitled to a presumption of truth when considered during a motion to dismiss and it does not offer adequate (or any) factual foundation upon which these conclusions rest. The Complaint baldly alleges that: (1) Defendant maintained polices and/or long standing practices or customs that resulted in the violation of Plaintiff's rights; (2) those polices, practices, and customs were inadequate; and (3) those polices, practices, and customs demonstrated deliberate indifference. (Doc. 1 at 5.) All three of these allegations are legal conclusions, and none of them are supported by any factual matter that could "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.

Plaintiff also argues his Complaint alleges an official-capacity claim against Sheriff Dupnik. Assuming *arguendo* that Plaintiff adequately alleged a constitutional violation, *see Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007) (the Court need not reach the § 1983 claims against a supervisor if it finds no violation of any constitutional right occurred), an official capacity claim is really a § 1983 claim against the municipality that the official serves. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To sufficiently allege an official-capacity claim the plaintiff's complaint must do more than "simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (establishing that the *Iqbal*, *Twombly*, and *Starr* pleading standard

applies to official-capacity claims) (quoting *Starr*, 652 F.3d at 1216). Again, Plaintiff's Complaint does no more than baldly assert the elements of such a claim without providing any factual support. (*See* Doc. 1 at 5.)

In lieu of denying factual deficiencies in the Complaint, Plaintiff argues that he believes discovery is needed to completely illuminate the extent of the policies and procedures at P.C.A.D.C. and this discovery will provide Plaintiff with the opportunity to draft a "much more through and comprehensive complaint." Plaintiff argues that Sheriff Dupnik's Motion to Dismiss would be better suited as a Motion for Summary Judgment after discovery has been conducted. However, in light of the Supreme Court's rulings in *Iqbal* and *Twombly*, the Court does not find this argument persuasive. *See Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." (internal quotation marks and citation omitted)). And this is particularly relevant in this case when the proposed discovery will impose a burden on government officials. *Iqbal*, 556 U.S. at 685 ("Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.").

In conclusion, Plaintiff has failed to allege that he suffered an actionable Eighth Amendment harm. Alternatively, even if he had, Plaintiff fails to provide any factual basis or support for the allegations in his Complaint that Sheriff Dupnik, through his own

individual actions or in his official capacity, violated the Constitution. The Complaint fails to meet the standard set out in Rule 8, and dismissal pursuant to Rule 12(b)(6) is proper. *See Iqbal*, 556 U.S. at 686. However, because Plaintiff *might* be able to state a claim upon which he is entitled to relief with a more carefully drafted complaint, leave to amend is appropriate. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**State-law Claims Against All Defendants (Claims 2-6)**

Defendants argue the state law claims are barred by the statute of limitations. In Arizona, all actions against public entities and public employees "shall be brought within one year after the cause of action accrues and not afterward." Ariz. Rev. Stat. § 12-821. Plaintiff does not dispute that because all the defendants are public entities or employees, the one-year statute of limitations applies here.

The parties disagree over when the claims accrued. A cause of action accrues under this statute "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." § 12–821.01(B); *see also Glaze v. Larsen*, 83 P.3d 26, 34, 207 Ariz. 26, 34 (2004). Defendants contend the claims accrued on January 14, the date of Plaintiff's arrest and detention. Plaintiff argues the causes of action against Defendants did not accrue until the criminal charges against Plaintiff were dismissed on April 3, 2013, because it is then he realized that he had done nothing wrong and Defendants had acted without legal authority in arresting him.

Plaintiff argues that the question of accrual, which is based on Plaintiff's knowledge of the damage and cause, should be left to the jury. A statute of limitations

- 10 -

defense can be raised and resolved on a motion to dismiss if it is evident from the face of the complaint that a claim is time barred. *Anson v. Am. Motors Corp.*, 747 P.2d 581, 582, 155 Ariz. 420, 421 (Ct. App. 1987). The cases cited by Plaintiff are not to the contrary; rather, they involved factual scenarios where the application of the limitations defense was a question of fact and was not evident from the face of the complaint. *See Cervantez v. Graham Cnty*, No. CV-10-0419-TUC-CKJ, 2011 WL 860329 (D. Ariz. Mar. 11, 2011); *Walk v. Ring*, 44 P.3d 990, 202 Ariz. 310 (2002). To analyze accrual for purposes of a motion to dismiss, the Court will take the facts of the Complaint as true and evaluate each claim individually.

In Claim 2, Plaintiff alleges Defendant Dittiger committed battery by intentionally making a harmful or offensive contact with him on January 14, 2013, and causing Plaintiff physical injury and mental distress. At the time Defendant Dittiger allegedly forcibly detained Plaintiff, dragged him and tightly handcuffed him, Plaintiff knew he had been damaged and who had caused the damage. The dismissal of the criminal charges is irrelevant to the question of whether Dittiger's contact was harmful or offensive.

In Arizona, false imprisonment accrues at the time of arrest. *Hansen v. Stoll*, 636 P.2d 1236, 1242, 130 Ariz. 454, 460 (Ct. App. 1981); *Rondelli v. Pima Cnty*, 586 P.2d 1295, 1297, 120 Ariz. 483, 485 (Ct. App. 1978). Thus, Claim 3 accrued on January 14, 2013.

In Claim 4, Plaintiff alleges that, on January 14, 2013,[3] Defendants' forcible detention and withholding of medical attention was extreme and outrageous, which caused him emotional distress and bodily harm. Because the conduct resulting in the alleged harm occurred on January 14, 2013, and Plaintiff was present and aware of the injury and by whom it was inflicted, his claim of intentional infliction of emotional distress accrued on that date.

Claims 5 and 6 allege negligence and gross negligence, respectively, arising out of the same actions alleged in Claims 2, 3 and 4. Because these claims are based on the same conduct as other claims that the Court has determined accrued on January 14, 2013, the same accrual date holds for Claims 5 and 6.

After review of each state law claim, it is evident that the dismissal of the criminal charges had no bearing on Plaintiff's knowledge of the alleged damage and cause. All of the elements for claims of battery, false imprisonment, intentional infliction of emotional distress, negligence, and gross negligence were known on January 14, 2013. And Plaintiff does not dispute that he was aware of the named defendants' identities as responsible parties.[4]

The state causes of action, Claims 2-6, accrued on January 14, 2013, and the statute of limitations ran one year from that date, January 14, 2014. Because the

---

[3] The Complaint actually states that these actions occurred on February 8, 2010. (Doc. 1 at 6.) The Court assumes this to be a typo based on the other information contained in the Complaint and the pending motions.

[4] Plaintiff contends there are other doe defendants of whose identity he is still not aware.

- 12 -

Complaint was filed on March 27, 2014, after the limitations period had expired, the state-law claims against all Defendants are statutorily time-barred.

### **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting Defendant Dupnik's Motion to Dismiss and Marana Defendant's Motion to Dismiss (construed as a motion for judgment on the pleadings). The Magistrate recommends dismissing Claims 2-6 with prejudice. However, as to the Eighth Amendment allegation in Claim 1 against Sheriff Dupnik, the Court recommends dismissing it without prejudice and granting Plaintiff's request to amend as to that claim.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 5th day of September, 2014.

D. Thomas Ferraro
United States Magistrate Judge