IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martial Ledvina,<br><br>   Plaintiff,<br><br>v.<br><br>Town of Marana, et al.,<br><br>   Defendants. | No. CV-14-01989-TUC-CKJ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

  Pending before the Court is Defendant Clarence W. Dupnik's Motion to Dismiss First Amended Complaint. (Doc. 32.) Plaintiff filed a Response and Defendants Replied. (Docs. 33, 34.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Oral argument was held on May 19, 2015, after which the matter was taken under advisement. Pursuant to request by Plaintiff's counsel, the parties submitted supplemental briefs. (Docs. 39, 40.) The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the First Amended Complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

  On March 27, 2014, Plaintiff filed a Complaint against the Town of Marana, Marana police officers Terry Rozema (and Jane Doe Rozema) and William Dittiger (and Jane Doe Dittiger), and Pima County Sheriff Clarence Dupnik. (Doc. 1.) The parties

stipulated to the dismissal of Defendants Town of Marana, Rozema and Dittiger. (Docs. 26, 29.) On motion, the Court dismissed the state-law claims against Defendant Dupnik with prejudice and dismissed the federal constitutional claim against him with leave to amend. (Doc. 30.) Plaintiff filed a First Amended Complaint against Dupnik and three Doe Defendants, which Defendants have moved to dismiss.[1] At oral argument, Plaintiff clarified that Dupnik was sued solely in his official capacity and the Doe Defendants were sued in their individual and official capacities.

The following facts are taken from the amended complaint. On January 14, 2013, Plaintiff was an 83-year-old, 140-pound man with a heart condition. (Doc. 31 at 2.) Fifteen months prior to that date, Plaintiff underwent open heart surgery and began taking numerous medications to prevent complications. (*Id.*) On January 14, Plaintiff was arrested and booked into the Pima County Jail at 8:16 p.m. (*Id.*) During the intake screening interview, Plaintiff's medical conditions and prescription doses were verified. (*Id.* at 3.) Plaintiff promptly advised a correctional officer at the jail of his need to "see the nurse." (*Id.*) Unheeded, Plaintiff called out to the nurse directly, but she too rebuffed his pleadings and he was subsequently removed to a cell. (*Id.*) On multiple occasions during the intervening hours of his detention, he reminded officers he needed to see the nurse and take his medication to no avail. (*Id.*) Plaintiff alleges that he experienced "much anxiety" from missing his evening and morning doses of medication. (*Id.*) Plaintiff was released at noon, at which time his medication was returned. (*Id.*) Plaintiff alleges there are no policies or procedures at the Pima County jail governing the administration of prescription medication to newly arrested inmates. (*Id.* at 4.)

Plaintiff alleges a violation of his Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983. He seeks nominal and punitive damages.

---

[1] At oral argument, a Deputy Pima County Attorney confirmed that the motion to dismiss was filed on behalf of all the remaining defendants.

**STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted). Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim for relief. *Id*. at 678; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations in the complaint must be construed in the light most favorable to the plaintiff). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A mere formulaic recitation of the elements of a cause of action is not sufficient to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Id*. at 679. Further, specifically pertaining to § 1983 claims, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

**DISCUSSION**

Defendants contend that Plaintiff's Fourteenth Amendment claim should be dismissed for two reasons: (1) the claim is barred by the Prison Litigation Reform Act (PLRA) because Plaintiff failed to allege more than a *de minimis* physical injury; and (2) Plaintiff failed to sufficiently allege a physical injury or real pain as necessary to establish deliberate indifference to a serious medical need.

**PLRA**

In the motion, Defendants argue the complaint is subject to dismissal under the PLRA because it alleges a mental or emotional injury without alleging more than *de minimis* physical injury. The PLRA provides, "[n]o federal civil action may be brought

by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). A "prisoner" is defined in the PLRA as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . ." 42 U.S.C. § 1997e(h). A person who is not incarcerated, as identified in the statute, at the time he files the action is not a "prisoner" for purposes of the PLRA. *Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) (interpreting the term "prisoner" from the PLRA with respect to the exhaustion requirements of § 1997e(a)). Because Plaintiff filed this action after his detention ceased, the PLRA does not apply to him and he is not restricted from asserting a mental or emotional injury. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir. 2000); *Kral v. King Cnty*, No. C10-1360-MAT, 2012 WL 726901, *7 (W.D. WA Mar. 6, 2012) (applying *Talamantes*, 575 F.3d at 1023-24, to § 1997e(e)).

At oral argument, in light of *Talamantes*, Defendants withdrew their argument that § 1997e(e) applies to Plaintiff's case. They affirmed the withdrawal in their supplemental brief. (Doc. 40 at 2.)

**Deliberate Indifference**

In seeking dismissal of the constitutional claim, Defendants rely on the standard for deliberate indifference to serious medical needs under the Eighth Amendment. In response, Plaintiff argues that his complaint is based on the Fourteenth Amendment Due Process Clause not the Eighth Amendment. However, the gravamen of Plaintiff's claim is that his constitutional right to adequate medical care while incarcerated was violated. (Doc. 31 at 4 (First Amended Complaint alleges Plaintiff had a "right to receive his medication as prescribed by a physician," and "Defendants had a duty and obligation to ensure that Plaintiff received his prescription medication at the times prescribed").) However, because Plaintiff only had been arrested, and not convicted of a crime, "his rights derive from the due process clause rather than the Eighth Amendment." *Gibson v.*

- 4 -

*Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002). As the Ninth Circuit holds, these due process rights, with regards to medical needs while in custody, impose at least the same duty the Eighth Amendment's protection against cruel and unusual punishment necessitates. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)). Under this standard, a violation occurs when there is (1) a deliberate indifference to the serious medical needs of a prisoner that (2) results in "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The First Amended Complaint alleges official capacity and individual capacity claims. An official capacity suit against Dupnik and the Doe Defendants is the same as suing the governmental entity they serve – Pima County. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). To state a claim against the county, Plaintiff must allege these elements: (1) Plaintiff was deprived of his Fourteenth Amendment right; (2) the county had a policy or custom; (3) the policy amounted to deliberate indifference to Plaintiff's Fourteenth Amendment right; and (4) the policy was the "moving force behind the constitutional violation." *Mabe v. San Bernardino Cnty, Dept. of Pub. Soc. Serv.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (quoting *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)). As to the Doe Defendants as named in their individual capacities, the First Amended Complaint must allege that each of them participated in the deprivation of Plaintiff's Fourteenth Amendment right. *See Larez*, 946 F.2d at 646.

Defendants argue the First Amended Complaint is insufficient as to all defendants because it fails to allege the deprivation of Plaintiff's Fourteenth Amendment right. Defendants contend that Plaintiff has not alleged a harm that satisfies the second part of the *Estelle* test. While Plaintiff does not have to prove substantial harm, the alleged indifference to a serious medical need must have resulted in a more than *de minimis* Eighth Amendment harm. *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404,

407 (9th Cir. 1985) (mere delay of surgery is insufficient to state a claim unless that delay was harmful); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

In his response to the motion to dismiss and at oral argument, Plaintiff sought to assert a Fourteenth Amendment claim with a legal standard distinct from the Eighth Amendment standard set forth above. Plaintiff suggested there was a constitutional right to be given medication as prescribed and that a violation of such right would not require a showing of harm. Plaintiff cites no cases to support this theory in his supplemental brief. Instead, he cites *Jett*, notes that the required harm need not be substantial, and argues that he alleges sufficient harm to state a claim. (Doc. 39 at 4-6.)

Here, the only harm alleged in the amended complaint is "much anxiety" precipitated by the Doe Defendants refusal to provide Plaintiff's heart medication in a timely fashion. Plaintiff fails to allege in his complaint any facts upon which a reasonable inference could be drawn that he did suffer non-*de minimis* harm. He did not allege that he experienced any pain, or that he suffered further medical complications due to this anxiety.

In his supplemental brief, Plaintiff alleges new facts and requests that the Court grant amendment if it finds these facts are necessary to state a claim. (Doc. 39 at 4-5 & n.1.) Plaintiff alleges "the chemical reactions and imbalances resulting from the lack of medication caused physical injury at the physiological and pharmacological level." (*Id.* at 4.) Plaintiff contends that missing doses of his medications can result in high blood sugar, risk of angina or heart attack, and arrhythmias. (*Id.* at 5.) Plaintiff asserts that the anxiety he experienced could have been the result of increased blood pressure and abnormal heart rhythm. These new allegations are merely a hypothesis of harms that **could** occur when the medications prescribed to Plaintiff are not taken, but Plaintiff does not allege that any of them did happen to him. In fact, the supplemental brief states, "[t]he extent to which the missed doses harmed Mr. Ledvina may never be determined." (*Id.* at 5.) The additional facts set forth in the supplemental brief are speculative and do not create a reasonable inference that Plaintiff suffered more than *de minimis* harm.

1 | Plaintiff fails to allege a plausible claim that the Doe Defendants deprived him of his Fourteenth Amendment right. This finding resolves the individual and official capacity claims (against all Defendants), both of which require Plaintiff to allege the deprivation of a constitutional right. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (finding city could not be liable if no constitutional injury was inflicted). The First Amended Complaint fails to meet the standard set out in Rule 8, and dismissal pursuant to Rule 12(b)(6) is proper. *See Iqbal*, 556 U.S. at 686. Because Plaintiff has been provided an opportunity to amend, and he alleged additional facts in a supplemental brief that are inadequate to state a claim, further amendment is not warranted.

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 19th day of June, 2015.

_D. Thomas Ferraro_
United States Magistrate Judge