# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martial Ledvina,<br><br>     Plaintiff,<br><br>v.<br><br>Marana, Town of, et al.,<br><br>     Defendants. | No. CV-14-01989-TUC-CKJ<br><br>**ORDER** |

  Plaintiff Martial Ledvina filed this civil rights Complaint alleging constitutional deprivations in violation of 42 U.S.C. § 1983 as well as state-law claims against numerous Defendants. (Doc. 1.) The parties stipulated to dismissal of the Marana Defendants, and on February 4, 2015, the Court dismissed the state law claims with prejudice and dismissed the federal constitutional claim against Defendant Sheriff Clarence Dupnik with leave to amend. (Docs. 26, 30.) Plaintiff filed a First Amended Complaint (FAC) against Dupnik and three Doe Defendants, and Defendants moved to dismiss. (Docs. 31, 32.) At oral argument before Magistrate Judge D. Thomas Ferraro, Plaintiff clarified that Dupnik was sued solely in his official capacity and that the Doe Defendants were sued in their individual and official capacities. (*See* Doc. 41 at 2.)

  On June 19, 2015, the Magistrate Judge issued a Report and Recommendation (R & R) recommending that the motion to dismiss be granted and finding that further amendment would be futile. (Doc. 41.) Plaintiff filed objections to the R & R and Defendant filed a response, asking the Court to overrule the objections. (Docs. 44, 45.)

The Court will overrule Plaintiff's objections, adopt the R & R, grant the Motion to Dismiss, and terminate the action.

## I. Governing Standard

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## II. Factual Background and the Report and Recommendation

The R & R states the following facts as taken from the FAC. Plaintiff does not object to the statement of facts, and the Court finds no clear error.

The action arises from Plaintiff's arrest on January 14, 2013, for alleged domestic abuse and his subsequent one-day confinement in the Pima County Adult Detention Complex (P.C.A.D.C.). Plaintiff was an 83-year-old, 140-pound man with a heart condition. (Doc. 31 at 2.) Plaintiff underwent open heart surgery and began taking numerous medications to prevent complications 15 months prior to his arrest. (*Id.*) Plaintiff was arrested and booked into the Pima County Jail at 8:16 p.m. (*Id.*) During the intake screening interview, Plaintiff's medical conditions and prescription doses were verified. (*Id.* at 3.) Plaintiff promptly advised a correctional officer at the jail of his need to "see the nurse" but there was no response. (*Id.*) Plaintiff called out to the nurse directly, but she too ignored his pleadings, and he was subsequently removed to a cell. (*Id.*) On multiple occasions during the intervening hours of his detention, he reminded officers he needed to see the nurse and take his medication, but without success. (*Id.*) Plaintiff alleges that he experienced "much anxiety" from missing his evening and morning doses of medication. (*Id.*) Plaintiff was released at noon and his medication was returned. (*Id.*)

Plaintiff alleges there are no policies or procedures at the Pima County Jail governing the administration of prescription medication to newly arrested inmates. (*Id.* at

4.) He alleges a violation of his Fourteenth Amendment rights and seeks nominal and punitive damages.

Defendants argue that Plaintiff's Fourteenth Amendment claim should be dismissed because: (1) the claim is barred by the Prison Litigation Reform Act (PLRA) because Plaintiff failed to allege more than a *de minimis* physical injury; and (2) Plaintiff failed to sufficiently allege a physical injury or real pain as necessary to establish deliberate indifference to a serious medical need.

**III.   Motion, Objections, Response, and Analysis**

   **A.   PLRA**

As the R & R notes, Defendants have withdrawn their argument under the PLRA in light of *Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009), which holds that the term "prisoner" in the PLRA does not apply to a plaintiff who files his action after his detention has ceased. (Doc. 41 at 4.) But the Court takes the opportunity to address the PLRA argument because it had previously rejected the argument again urged by Defendants. In the Motion to Dismiss, Defendants state the following:

> In dismissing Ledvina's § 1983 claim, this Court agreed with the Magistrate's Report and Recommendation that Ledvina failed to state a § 1983 claim because he failed to allege that he experienced enough harm to implicate the Eighth Amendment. *Id.* at 5:16-19. This Court also held that Ledvina's claim was barred by 42 U.S.C. § 1997e(e) because Ledvina did not allege a physical injury. *Id.* at 4:25-5:15.

(Doc. 32 at 3.)

In fact, the Court did not hold that Plaintiff's claims were barred by the PLRA. Rather, the Court stated the following:

> In *Oliver v. Keller*, . . . the Ninth Circuit held that a claim for a constitutional violation as to conditions of confinement requires a showing of more than *de minimis* harm. 289 F.3d 623, 627 (9th Cir. 2002). The *Oliver* court also construed 42 U.S.C. § 1997e(e), which provides that a prisoner may not bring a civil action for mental or emotional injury without

- 3 -

a prior showing of "physical injury." The court held that this means that a prisoner may not obtain *compensatory* damages for mental or emotional injury if the "physical injury" is *de minimis*. But the physical injury requirement applies *only* to claims for mental or emotional injuries and does not bar claims for compensatory, nominal or punitive damages. *Id.* at 630. In *Oliver*, the Court determined that even absent physical injury, a prisoner was entitled to seek compensatory, nominal, and punitive damages premised on violations of his Fourteenth Amendment rights. *Id.* at 629-30.

A review of the claims in the FAC shows that Plaintiff seeks nominal and punitive damages for an alleged violation of his Fourteenth Amendment rights, not a claim for compensatory damages for mental or emotional injury. *See Oliver*, 289F.3d at 627-29.

This district continues to be plagued by defendants making this frivolous argument, as the Hon. Stephen McNamee observed in a recent sealed Order to Show Cause (OSC). The Court wrote

> This "lack of injury" argument is untenable and actually contrary to the holding in *Oliver*, which specified that the PLRA's physical-injury requirement applies *only* to claims for mental and emotional injury and that where, as here, an inmate has actionable claims for compensatory, nominal or punitive damages premised on constitutional violations—and not on any alleged mental or emotional injuries—the claims are not barred by § 1997e(e). 289 F.3d at 629-30.
>
> [Defendant] is represented by the Office of the Arizona Attorney General in Phoenix. Since at least 2006, that Office has been presenting this same argument for dismissal in prisoner civil rights cases; namely, that § 1997e(e) bars as a matter of law a prisoner's constitutional claim unless the prisoner demonstrates physical injury. *See Halla v. Schriro*, 05-cv-0320-MHM (ECV) (Def.'s Mot., Doc. 36 at 6-7). And since that time, this Court has repeatedly rejected this argument and explained again and again that under *Oliver*, regardless of proof of a physical injury, § 1997e(e) does not bar a prisoner's claims for damages premised on constitutional violations. *Id.*, 2006 WL 3735983, at *3-4 (D. Ariz. Dec. 15, 2006); *see e.g.*, *Fields v. State of Arizona*, CV 13-8069-PCT-PGR (DKD) (Order, Doc. 32 at 6 n.1) (D. Ariz. March 31, 2014); *Baker v. Schriro*, CV 07-0353-PHX-SMM (JRI), 2008 WL 3877973, at *6 (D. Ariz. Aug. 20, 2008); *Hill v. Schriro*, CV 04-1908-PHX-SRB, 2007 WL 1120305, at *3 (D. Ariz. April 11, 2007).[1]

---

[1] The Court has rejected this same argument from the Attorney General's Office in Tucson and from private counsel. *See e.g.*, *Creamer v. Ryan*, CV 10-0305-TUC-FRZ

> Other district courts within this circuit have also consistently concluded that under *Oliver*, if a plaintiff states a constitutional claim, as opposed to a claim for mental or emotional injuries, § 1997e(e)'s physical injury requirement does not apply. *Low v. Stanton*, CIV S-05-2211 MCE DAD P, 2010 WL 234859, at *4 (E.D. Cal. Jan. 14, 2010)
>
> [Plaintiff] does not seek recovery for "mental or emotional injury"; rather, he seeks damages for an alleged violation of his Eighth Amendment rights (Doc. 25 at 29, 31). Accordingly, his claim against [Defendant] is not barred by § 1997e(e). *See Greening v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (rejecting argument that the plaintiff's claim was barred by § 1997e(e)'s "physical injury" requirement and finding that because he did not seek recovery for mental and emotional injury but instead sought declaratory judgment and injunctive relief for alleged Eighth and Fourteenth Amendment violations, the claim was not barred).

It appears to this Court that Defendant's argument is not only devoid of merit but is also legally frivolous. *See United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) (stating that a "frivolous [argument] is one that is groundless," and an argument is groundless if it is "foreclosed by binding precedent or . . . obviously wrong"). This is particularly disturbing because this Court previously rejected the argument in this very case.

Defendant's counsel is reminded of his obligations under Federal Rule of Civil Procedure 11. A copy of the Memorandum from the Attorney General's Office issued following the OSC is attached.

### B. Constitutional Claim

A constitutional violation regarding medical care occurs when there is (1) a deliberate indifference to the serious medical needs of a prisoner that (2) results in "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Mere delay in receiving treatment or care is insufficient to state a claim unless that delay

---

(Order, Doc. 134 at 12-13); *Abney v. Astrue*, CV 04-525-TUC-RCC, 2008 WL 2397334, at *7 (D. Ariz. June 9, 2008); *Benge v. Scalzo*, CV 04-1687-PHX-DGC, 2008 WL 2157024, at *10 (D. Ariz. May 21, 2008).

- 5 -

was harmful. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

The Magistrate Judge noted in the R & R that in Plaintiff's response to the Motion to Dismiss and at oral argument, Plaintiff sought to assert a Fourteenth Amendment claim with a legal standard distinct from the Eighth Amendment standard set forth above. Plaintiff suggested there was a constitutional right to be given medication as prescribed and that a violation of such right would not require a showing of harm but Plaintiff cited no cases to support this theory in his supplemental brief. Instead, he cited *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), which states that the required harm need not be substantial, and argues that he alleges sufficient harm to state a claim. (Doc. 41 at 6; ref. Doc. 39 at 4-6.)

In his Objections, Plaintiff argues that the Court previously stated that:

> 'even absent physical injury, a prisoner was entitled to seek compensatory, nominal, and punitive damages premised on violations of his Fourteenth Amendment rights.' *See* Doc. 30 at 5 (*relying on Oliver v. Keller,* 289 F.3d 623, 627 (9th Cir. 2002)). Seizing upon this legal premise, Plaintiff filed his First Amended Complaint (Doc. 31) seeking nominal and punitive damages for Defendants' failure to administer his prescribed medication as directed by a physician while he was incarcerated at the County Jail.

(Doc. 44 at 2.)

Plaintiff further asserts that although he suffered no harm in the traditional meaning of the word, he did suffer harm at a pharmacological and physiological level. He contends that based on the arguments regarding the degree of harm that must be experienced to maintain a claim under the Fourteenth Amendment, Plaintiff included in his Supplement to Response to Motion to Dismiss Plaintiff's First Amended Complaint, an analysis of the medications that Plaintiff was denied and documentation showing that denial of those medications results in changes to the chemical balance of the patient thus, resulting in "physical" harm. (*See* Doc. 39 at 4-6.) Plaintiff argues that *Jett* states "[a] prisoner need not show his harm was substantial; however, such would provide additional

support for the inmate's claim that the defendant was deliberately indifferent to his needs." 439 F.3d at 1096. Plaintiff also relies on the dictionary definitions of "harm" as "injury, loss or detriment," BLACK'S LAW DICTIONARY 285 (Pocket ed. 1996), and additional definitions such as "bodily harm" which is defined as "physical pain, illness, or impairment of the body" and "physical" which is defined as "material as opposed to mental or spiritual" and "of or relating to the body." *Id*.; THE MERRIAM-WEBSTER DICTIONARY 524 (1974) *respectively*. Plaintiff repeats these arguments in his objections.

The Report and Recommendation observed that Plaintiff also stated that "[t]he extent to which the missed doses harmed Mr. Ledvina may never be determined." (Doc. 41 at 6; ref. Doc. 39 at 5.) In his objections, Plaintiff acknowledges that this is true because to know the extent to which the level of medicine in Plaintiff's body had changed would have required a blood test as soon as he was released from custody and prior to taking any more medication. (Doc. 44 at 3.) But Plaintiff asserts that it is not speculative that the level of medication in his system changed as a result of his not receiving his medication and that [a]ny licensed physician would testify accordingly." (*Id.*)

The R & R found that the only harm alleged in the amended complaint is "much anxiety" precipitated by the Doe Defendants refusal to provide Plaintiff's heart medication in a timely fashion. The Magistrate Judge concluded that Plaintiff fails to allege in his complaint any facts upon which a reasonable inference could be drawn that he did suffer non-*de minimis* harm. The Magistrate Judge noted that Plaintiff did not allege that he experienced any pain, or that he suffered further medical complications due to this anxiety. As Plaintiff points out in his objections, the R & R discusses the allegations in the supplemental brief. The Magistrate Judge characterized the new allegations as "merely a hypothesis of harms that **could** occur when the medications prescribed to Plaintiff are not taken" and notes that Plaintiff "does not allege that any of them did happen to him. In fact, the supplemental brief states, '[t]he extent to which the

1 missed doses harmed Mr. Ledvina may never be determined.'" (*Id.* at 5 (emphasis in
2 original).)   The R & R holds that the additional facts in the supplemental brief are
3 speculative and do not create a reasonable inference that Plaintiff suffered more than *de*
4 *minimis* harm.

5 The R & R adequately set out the standard of review on a Motion to Dismiss for
6 failure to state a claim, and this Court need not repeat that standard here.  But it is worth
7 noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
9 Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that
10 allows the court to draw the reasonable inference that the defendant is liable for the
11 misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability
12 requirement,' but it asks for more than a sheer possibility that a defendant has acted
13 unlawfully." *Iqbal*, 556 U.S. at 678. Determining plausibility is a "context-specific
14 task. . ." that requires the court to "draw on its judicial experience and common sense."
15 *Id.* at 679. A complaint cannot survive dismissal where the court can only infer that a
16 claim is merely possible rather than plausible. *Id.*  . "The facts alleged must be sufficient
17 to nudge the claims 'across the line from conceivable to plausible.'" *Solis v. City of*
18 *Fresno*, 2012 WL 868681, at *8 (E.D.Cal. Mar. 13, 2012 (quoting *Bell Atlantic Corp. v.*
19 *Twombly*, 550 U.S. 544, 547 (2007); *see also Tesi v. Recon Trust NA,* 2013 WL 2635613,
20 *4 (D.Ariz. June 12, 2013).

21 The Court agrees with the Magistrate Judge that even considering the allegations
22 in the supplemental briefing, Plaintiff fails to state a claim.  As Magistrate Judge Ferraro
23 found, Plaintiff alleges only speculative injury.  Plaintiff now argues that it is not
24 speculative that the level of medication in Plaintiff's body changed, but this is not
25 enough.  It is insufficient to merely allege a change; without more, there is no allegation
26 of anything more than *de minimis* harm.  Moreover, according to the facts alleged in the
27 FAC, Plaintiff was in the custody of Defendant for fewer than 16 hours and when he was
28 released his medication was returned to him.  He does not claim that he immediately

- 8 -

sought medical attention or that he experienced medical complications as a result of either the anxiety or the untimely medication. There is insufficient factual content to allow the Court to draw the reasonable inference that any Defendant may be liable for a Fourteenth Amendment violation.

The Court overrules Plaintiff's objections. Moreover, the Court finds that further amendment of the Complaint will not correct the deficiency. The Court will grant the Motion to Dismiss and terminate the action.

**IT IS ORDERED:**

(1) The Report and Recommendation (Doc. 41) is **adopted**.

(2) Defendants Motion to Dismiss (Doc. 32) is **granted**; the remaining claims are dismissed with prejudice.

(3) The Clerk of Court is directed to terminate the action and enter judgment accordingly.

Dated this 21st day of August, 2015.

_____
Cindy K. Jorgenson
United States District Judge

| | |
|---|---|
| From: | Gottfried, Michael |
| To: | Zeder, Fred; Carter, Paul; Hostallero, Pamela; Hrnicek, Michael; Morrissey, Kelley; Rand, Lucy; Schaack, Daniel; Singh, Neil; Bowen, James; Welsbard, Jonathan; Day, Diana; Heathcotte, Brock; Hemann, Lisa; Collings, Claudia; McCright, Robert; Meynard, Cassandra; Perry, Roger; Boutillier, Christopher; Gaughan, Michael |
| Cc: | Northup, Dawn; Harrison, Terry; Lopez, John; Perkins, Jennifer |
| Subject: | Incorrect argument.- Oliver v. Keller |
| Date: | Thursday, May 07, 2015 6:28:44 PM |

It has come to our attention that attorneys in the Office have been consistently citing the Ninth Circuit case of *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002), for the proposition that a section 1983 claim for monetary damages is barred as a matter of law if the inmate suffered no physical injury. **This is incorrect** and neither *Oliver* or any other Ninth Circuit cases support such an argument. Federal law does appear to prevent inmates from claiming damages for non-physical injuries: "no federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). However, this statute only applies to specific claims for compensatory damages for mental or emotional injury, it does not apply to compensatory, nominal or punitive damages for violations of constitutional rights. These are two wholly separate types of claims: (1) psychological and emotional damages arising from the tort itself (barred by
§ 1997e(e)) and damages arising from a constitutional violation (not barred). *Oliver* explicitly states that:

> [W]e also hold that § 1997e(e) applies only to claims for mental and emotional injury. To the extent that appellant's claims for compensatory, nominal or punitive damages re premised on alleged Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred.

*Oliver*, 289 F.3d. at 630. Because of the language of the statute it is easy to think that the lack of a physical injury means that an inmate has no claim. It is not true under *Oliver*. Bottom line: an inmate making a section 1983 claim that alleges that the Constitution was violated **will always** have a claim for nominal and punitive damages for the violation of his constitutional rights, and will also have a claim for compensatory damages for his claim that his constitutional rights were violated if he can prove damages.*

We do not want any attorneys in this this Office to ever make this incorrect argument again. Because this is a confusing concept that attorneys defending 1983 claims throughout the Ninth Circuit consistently misstate we are going to have a presentation and discussion of this issue on Thursday May 21, 2015, at 3:00 p.m. All LMS attorneys are required to attend. (Tucson attorneys can attend telephonically.)

*While there may be contrary law in other Circuits, this is the law in the Ninth Circuit. If you plan to argue that there is a good faith basis to change the law, you must advise the district court that you understand that *Oliver* is the
law in this Circuit and that the district court is obligated to follow it, and that you are making arguments to be considered on appeal or preserved for appeal.

Michael E. Gottfried
Assistant Attorney General
Unit Chief – Department of Corrections Unit
Arizona Attorney General's Office
Liability Management Section
15 S. 15th Avenue, 4th Floor
Phoenix, AZ 85007
(602) 542-7693 direct
(602) 542-7670 fax
Michael.Gottfried@azag.gov

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS PRIVILEGED AND CONFIDENTIAL, INTENDED ONLY FOR THE USE OF SPECIFIC INDIVIDUALS AND/OR ENTITIES TO WHICH IT IS ADDRESSED. IF YOU ARE NOT ONE OF THE INTENDED RECIPIENTS, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY RETURN E-MAIL OR BY TELEPHONE AT (602) 542-7693. THANK YOU.